UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUANE TURNER,

    Petitioner,

    v.                                   CAUSE NO. 3:21-CV-606-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Duane Turner, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Miami Correctional Facility (MCF 21-04-0414) in which he was found guilty of possessing a cell phone. (ECF 2.) The respondent moves to dismiss, arguing that the disciplinary conviction did not lengthen the duration of Mr. Turner's confinement and thus cannot be challenged in a habeas petition. (ECF 13.) For the reasons stated below, the motion is granted.

Mr. Turner is serving a life sentence without the possibility of parole.[1] Indiana inmates serving a life sentence do not earn good-time credits. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 n.6 (7th Cir. 1992) (Indiana inmate serving life sentence had "no state-created right to good time credits"); IND. CODE § 11–13–3–2(b)(3) ("A person sentenced

---

[1] In 1995, Mr. Turner was convicted of murder and sentenced to remain incarcerated "during his natural life without parole." *State v. Turner*, No. 18D-9410-CF-47 (Delaware Cir. Ct. July 7, 1995). He was also sentenced to a term of years for armed robbery and criminal confinement, but he completed those sentences in 2014, several years prior to the disciplinary proceeding at issue in this case. (ECF 13-10 at 1.) The court is permitted to take judicial notice of public records related to Mr. Turner's conviction. *See* FED. R. CIV. P. 201

to a term of life imprisonment does not earn credit time with respect to that term."). Such inmates "cannot gain or lose good-time credit for the obvious reason that they have a life sentence." *Decker v. Krueger*, No. 218-CV-00031-JMS-MJD, 2018 WL 4932034, at *3 (S.D. Ind. Oct. 11, 2018). Because the disciplinary conviction at issue did not lengthen Mr. Turner's sentence, he cannot challenge it through 28 U.S.C. § 2254.[2] *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement).

Mr. Turner filed a response to the motion to dismiss, but it focuses primarily on the merits of his claims that his due process rights were violated during the disciplinary proceeding. In response to the threshold issue raised by the respondent in the motion to dismiss, he states that he is "clearly being held at the Miami Correctional Facility." (ECF 15 at 1.) Be that as it may, the question is whether the disciplinary conviction he challenges resulted in a sanction that lengthened the duration of his confinement. *Hadley*, 341 F.3d at 664. The record shows undisputedly that it did not. Therefore, the petition must be dismissed.

For these reasons, the motion to dismiss (ECF 13) is GRANTED and the petition is DISMISSED. The clerk is DIRECTED to close this case.

---

[2] Although the disciplinary hearing report reflects that part of Mr. Turner's sanction was the loss of good-time credits, the respondent explains that it is the practice of the Indiana Department of Correction to enter such sanctions as a precaution, in the event the inmate's life sentence is later modified or set aside and he begins earning good-time credits. (ECF 14 at 7.) There is no indication from public records that Mr. Turner's life sentence has been modified or set aside. The hearing report reflects that Mr. Turner was also sanctioned with a written reprimand and a temporary loss of commissary privileges, neither of which affected the length of his confinement. (*See* ECF 13-5.)

SO ORDERED on January 6, 2022

                                                      s/Michael G. Gotsch, Sr.
                                                      Michael G. Gotsch, Sr.
                                                      United States Magistrate Judge